Ronny J. SANDERS, Plaintiff–Appellant,

v.

SEARS, ROEBUCK & COMPANY, a New York Corporation; Daniel J. Geiger, Defendants–Appellees.

No. 92–1912.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1992.

Decided Feb. 2, 1993.

Rehearing and Rehearing En Banc Denied March 23, 1993.

Robert J. LaBine, Grand Forks, ND, argued, for plaintiff-appellant.

Paul G. Woutat, Grand Forks, ND, argued, for defendants-appellees.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

1. Sanders' claims against the City of Grand Forks and Officers Joseph Perterka and James

973

LAY, Senior Circuit Judge.

Ronny J. Sanders appeals the district court's grant of summary judgment dismissing his 42 U.S.C. § 1983 (1983) claims as well as other pendent state claims against Sears, Roebuck & Company and Daniel J. Geiger.[1] Sanders had alleged that Geiger, a security guard employed by Sears, had maliciously and wrongfully detained him at a Sears Roebuck department store on suspicion of shoplifting computer disks valued at $37.00. The district court granted summary judgment for the defendants, holding that collateral estoppel precluded Sanders' relitigation of probable cause of arrest because the issue had been adjudicated at Sanders' state criminal trial. The district court also dismissed the state pendent claims of malicious prosecution, negligence and vicarious liability. On appeal, Sanders urges 1) that the issue involved in his § 1983 suit was not litigated in his state criminal trial, and 2) that he did not have a fair opportunity to litigate the issue of lack of probable cause for arrest at the state trial.

I.

On April 19, 1988, Ronny J. Sanders, a Captain in the United States Air Force, entered the Sears retail store in Grand Forks, North Dakota with an empty Daytons shopping bag—a custom he alleges that he acquired during his military duty in England. Sanders walked over to the computer software display and selected three boxes of disks. He carried them in his hand and passed various Sears clerks and paying stations. Sanders entered the catalog merchandise customer bin area and upon reaching the secluded rear, looked from left to right several times and placed the three disks in his shopping bag. He then walked rapidly through the automotive department to a set of doors leading to the automobile service bays on the north end of the store. As Sanders approached the doors, he was stopped by Officer Geig-

Paschke have been settled.

er, who asked to see the contents of the bag. Geiger also asked for a receipt. Sanders replied that he was just then proceeding to the cash register to purchase the disks.

Sanders voluntarily accompanied Geiger to the manager's office. He revealed to Geiger that he had neither sufficient funds nor a checkbook in his possession to pay for the computer disks. Sanders also had no Sears credit card in his possession, although it was later determined that Sanders did have a Sears charge account. Geiger recovered the merchandise and turned Sanders over to the custody of the Grand Forks police.

Sanders was charged and tried in a state criminal trial for theft of property. The jury returned a not guilty verdict. Sanders subsequently filed this 42 U.S.C. § 1983 suit.

## II.

*Section 1983*

Sanders' § 1983 suit against Sears and Geiger alleged false arrest and malicious prosecution in violation of his constitutional due process rights. The district court dismissed the § 1983 suit holding that collateral estoppel precluded relitigation of the issue of probable cause for arrest because it had been adjudicated at Sanders' state criminal trial. We affirm the dismissals, but do so on different grounds.

## A. COLLATERAL ESTOPPEL

Sanders argues that the district court erred in holding that the issue of whether Sears' security guard, Daniel Geiger, had

probable cause to arrest Sanders was determined at his state trial, thus collaterally estopping Sanders from relitigation of this issue in the present § 1983 suit.

 The district court determined that Sanders was collaterally estopped under North Dakota Law.[2] During the course of the state criminal trial, Sanders moved for dismissal of the criminal case for "lack of probable cause." (Tr. at 9–10). The federal district court interpreted this to mean that Sanders moved for dismissal for lack of probable cause for arrest. We find the district court erred. Sanders moved for dismissal for lack of probable cause based upon North Dakota Century Code 51–21–02 which is part of the North Dakota Retail Theft Act allowing merchants to detain suspected shoplifters. Section 51–21–01 creates a presumption as to when a prima facie case has been established.[3]

A fair reading of the state record shows that the state court understood the motion in the same way that Sanders now contends. The state judge said:

It merely sets out a presumption. If a person has done the things set out in the first part of the statute, then there's a prima facie case. I do not feel it is necessarily applicable to the facts of the case.

The state trial judge refused to dismiss the case, stating that the presumption was rebuttable if it applied. We think it clear that the state court ruled on a motion for probable cause for the case to go to the jury, not probable cause for arrest. As such, the issue of probable cause for arrest was never litigated in the state court.

2. Under North Dakota Law, there are four requirements for the application of collateral estoppel: (1) the issue decided on the prior adjudication must be identical with the issue presented in the current action; (2) there must have been a final judgment on the merits; (3) the party against whom it is asserted must have been a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted must have had a fair opportunity to be heard on the issue. *Armstrong v. Miller*, 200 N.W.2d 282, 287 (N.D.1972).

3. Section 51–21–02 states:

Any person concealing upon his person or among his belongings, or causing to be concealed upon the person or among the belongings of another, unpurchased merchandise displayed, held, offered or stored for sale in a retail mercantile establishment and removing it to a point beyond the last station for receiving payment in that retail mercantile establishment shall be prima facie presumed to has so concealed such merchandise with the intention of permanently depriving the merchant of possession of the full retail value of such merchandise.

N.D.Cent.Code § 51–21–02 (1991).

Significantly, lack of probable cause for arrest is not a legal defense to a criminal charge. The fact that the arrest of a defendant is illegal does not in any way prejudice a defendant's conviction when the evidence used in the trial does not flow from the arrest. *See Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (an adjudication of guilt is not to be annulled due to an illegal arrest and pretrial detention); *Collins v. Swenson*, 443 F.2d 329 (8th Cir.1971).

Probable cause for arrest and probable cause for a search are, however, often litigated in a suppression hearing of a state criminal case to determine whether evidence seized in a wrongful arrest or search must be suppressed. Such litigation may serve to collaterally estop a litigant from asserting the claim in a § 1983 action. *See Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).[4]

In the present case, we do not find that the issue of the legality of Sanders' arrest had been previously litigated. There was no suppression hearing at the state trial, and the motion for dismissal for lack of probable cause clearly referred to whether there was sufficient evidence to go to the jury, not whether there was sufficient probable cause for arrest. We therefore hold that the district court erred in finding Sanders collaterally estopped from raising the issue of probable cause and in granting summary judgment for dismissal on this ground.

**B. SEARS ROEBUCK**

 The only allegation made against Sears, Roebuck & Company in the § 1983 claim is that it is responsible under a theory of respondeat superior. Such a claim is not cognizable under § 1983. Section 1983 creates a cause of action against "every person, who under color of any statute, ordinance, regulation, custom, or usage" subjects any person to deprivation of immunities secured by the Constitution or federal laws. 42 U.S.C. § 1983 (1988). Although § 1983 secures most constitutional rights from infringement by governments, not private parties, *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349, 95 S.Ct. 449, 452, 42 L.Ed.2d 477 (1974), where a private party acts under color of state law, it can be held liable under § 1983. *See e.g., Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (private individual deemed to act under color of state law if he or she is "willful participant in joint action with State or its agents"); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (proof of conspiracy between restaurant and police would establish that the restaurant acted under color of law and thus the private entity could be held liable under § 1983).

 Here, although Sears is a private corporation, we assume without deciding that it "acted under color of state law" by virtue of North Dakota Century Code 51–21–03.[5] However, a corporation acting under color of state law will only be held

4. As the 7th Circuit stated in *Whitley v. Seibel*, 676 F.2d 245, 249–50 (7th Cir.1982):

> Nor is the preliminary hearing comparable to a suppression hearing. It is a relatively summary proceeding, designed only to reach an interim decision in the process of bringing a defendant to trial. The suspect has no right to discover what is in the prosecutor's arsenal, or to appeal the finding of probable cause. In fact, the preliminary hearing can be dispensed with entirely and the entire case taken directly to a grand jury.

676 F.2d at 249–50.

5. Section 51–21–03 reads

> Any peace officer or merchant who reasonably believes that a person has committed, or is in the process of committing, theft may detain such person, on or off the premises of a retail mercantile establishment, in a reasonable manner and for a reasonable length of time for all or any of the following purposes:
> 1. To require the person to identify himself.
> 2. To verify such identification.
> 3. To determine whether such person has in his possession unpurchased merchandise and, if so, to recover such merchandise.
> 4. To inform a peace officer of the detention of the person and surrender custody of that person to a peace officer.
> 5. In the case of a minor, to inform a peace officer, the parents, guardian, or other private person interested in the welfare of that minor of this detention and to surrender custody of said minor to the person informed.

N.D.Cent.Code § 51–21–03 (1991).

liable under § 1983 for its own unconstitutional policies. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983. *Id.* at 694, 98 S.Ct. at 2037. Here, Sanders has not pled that Sears has a policy or custom of false arrests or malicious prosecution. Moreover, Sears "cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at 691, 98 S.Ct. at 2036. The fact that Sears employed Geiger does not make Sears liable under § 1983. We therefore affirm the dismissal of the § 1983 claim against Sears.

## C. GEIGER

### 1. *Qualified Immunity*

In his responsive pleading as well as. on appeal, Geiger asserted 1) immunity from liability by virtue of North Dakota Century Code § 51–21–03 and § 51–21–04 and 2) probable cause and reasonable belief that Sanders was committing theft. Although Geiger did not use the exact words "qualified immunity under § 1983," *see Siegert v. Gilley*, —— U.S. ——, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980) (good faith immunity is an affirmative defense that the officer must raise), we deem the assertions in his answer sufficient to constitute an affirmative pleading of qualified immunity under federal law.

■ In the interest of procedural efficiency, and based on the undisputed facts regarding Geiger's conduct, we see no merit in remanding the question of qualified immunity to the trial court for a separate ruling and we thus address the issue here. Qualified immunity shields Geiger from suit for damages if "a reasonable officer could have believed [Sanders' arrest] to be lawful *in light of clearly established law* and the information the [arresting] officer possessed." *Hunter v. Bryant*, —— U.S. ——, ——, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) (emphasis added); *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct.

3034, 3039, 97 L.Ed.2d 523 (1987). Specifically, Geiger is entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest Sanders. Probable cause exists if "at the moment the arrest was made ... the facts and circumstances within [the officer's] knowledge and of which [the officer] had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that Sanders had committed theft. *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

Geiger observed Sanders take the computer disks and place them in a shopping bag as he approached the exit of the store. Geiger asked to see a receipt and Sanders was unable to produce one. In questioning Sanders, Geiger determined that Sanders did not have a checkbook, cash, or a Sears card with him. On the basis of this information, Geiger turned Sanders over to the custody of the Grand Forks police.

■ Even if we assumed, arguendo, that Officer Geiger erred in concluding that probable cause existed to arrest Sanders, he would nevertheless be entitled to qualified immunity because his decision was reasonable, even if mistaken. *Hunter*, —— U.S. at ——, 112 S.Ct. at 537, 116 L.Ed.2d 589 (1991); *Anderson*, 483 U.S. at 641, 107 S.Ct. at 3039, 97 L.Ed.2d 523 (1987). What matters in a qualified immunity inquiry is whether a reasonable officer could have believed the arrest to be lawful. As the Supreme Court recently made clear:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.

*Hunter*, —— U.S. at ——, 112 S.Ct. at 537 (1991) (citations omitted). Since Geiger acted reasonably under the circumstances, he is entitled to qualified immunity and we therefore dismiss the § 1983 suit against him.

### 2. *Malicious Prosecution*

█ Sanders has claimed malicious prosecution as an alternative basis for his § 1983 action. Section 1983 provides a remedy only for violations of rights secured by federal statutes or the Constitution. *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1980). An action for malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury. *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir.1990); *See also Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir.1987); *Whatley v. Philo*, 817 F.2d 19, 22 (5th Cir.1987). As we observed in *Gunderson*, malicious prosecution can form the basis of a § 1983 suit only if defendant's conduct also infringes some provision of the Constitution or federal law. *Gunderson*, 904 F.2d at 409.[6] Finding no constitutional deprivation here, we affirm the dismissal of the § 1983 suit on this basis as well.

### III.

#### *Pendent claims*

█ Sanders pled state claims of malicious prosecution, negligence, and vicarious liability against both Geiger and Sears Roebuck. Upon dismissal of the § 1983 claims, the pendent state claims may be dismissed under the doctrine of pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *See Rivera v. Chapel*, 493 F.2d 1302 (1st Cir.1974); *National Ass'n of Broadcast Employees & Technicians v. International Alliance of Theatrical Stage Employees*, 488 F.2d 124 (9th Cir.1973). However, it is clear from the face of the pleadings and from Sears' answer that diversity jurisdiction exists at least between Sanders and Sears, Roebuck & Company, a New York corporation. In fact, Sears' brief in this court urges that Sanders' claim is a diversity suit. We therefore vacate the district court's dismissal of the pendent state claims and direct the district court to allow Sanders to amend his complaint to allege diversity jurisdiction, if such exists as between Sanders, Geiger and Sears, and *if* damages in excess of $50,000 can be pled in good faith.[7] If Sanders cannot establish diversity jurisdiction, we direct the district court to dismiss the pendent state claims without prejudice so that Sanders may refile them in state court.

---

**6.** Even if we read Sanders' malicious prosecution claim liberally to allege a procedural due process violation, we do not find that Sanders was denied any procedure due under the Constitution. As the Supreme Court pointed out in *Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979), the Constitution does not guarantee that criminal charges will be filed only against the guilty. Here, the state trial judge determined in good faith at several times during the trial that there was probable cause for the case to go to the jury. Sanders had ample opportunity both before and during trial to argue this issue. We therefore cannot say that Sanders was denied any due process. *See Gunderson v. Schlueter*, 904 F.2d at 409. *Cf. Coogan v. City of Wixom*, 820 F.2d at 174 (no § 1983 action for "harassment" by county prosecutor when prosecutor had probable cause for bringing charges).

**7.** If Sanders alleges a jurisdictional amount in excess of $50,000 in bad faith and cannot prove such damage, the trial court may consider sanctions against the plaintiff and his counsel.