991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Willie PATTON, Jr. Appellant,
v.
Jeff LINDSEY, Monticello Police Department, Appellee.
 No. 92-3614.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 8, 1993.
Filed: April 14, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie Patton, Jr., an Arkansas inmate, appeals the district court's[1] grant of summary judgment to police officer Jeff Lindsey in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Patton claimed that Lindsey did not have probable cause to arrest him and, therefore, a subsequent search violated his Fourth Amendment rights. In his amended complaint, Patton claimed that Lindsey violated his due process and equal protection rights by not properly checking his identification before arresting him. The district court granted Lindsey summary judgment, determining that he had probable cause to arrest Patton for discharge of a firearm within the city limits, and, given the validity of the arrest, Patton was properly searched. The court also noted that Patton had cited no authority that required a police officer to check a suspect's identification before arresting him. On appeal, Patton reiterates his arguments, and asks us to order a judge or a clerk at the Monticello Municipal Court to send "documentary proof" that the court dismissed the charge of firing a gun within the city limits.
 
 
 3
 Lindsey was entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Lindsey properly supported his motion for summary judgment, establishing that he reasonably believed probable cause existed to arrest Patton. See Sanders v. Sears, Roebuck, & Co., 984 F.2d 972, 976 (8th Cir. 1993). Probable cause existed if, " 'at the moment the arrest was made, ... the facts and circumstances within [the officer's] knowledge and of which [the officer] had reasonably trustworthy information were sufficient to warrant a prudent man in believing' " that Patton had committed the firearm offenses. Id. (quoting Beck v. Ohio, 379 U.S. 89 (1964)). Lindsey's knowledge of the witnesses' statements and his observations of Patton were sufficient to warrant his belief that Patton had committed the offenses.
 
 
 4
 To defeat Lindsey's motion, Patton was required to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). Patton's response did not establish such an issue, but simply rested on the hope of discrediting Lindsey's evidence at trial. See In re Citizens Loan & Sav. Co., 621 F.2d 911, 913 (8th Cir. 1980). We agree with the district court that Lindsey had probable cause to arrest Patton and that the search of Patton's pockets was valid as a search incident to a lawful arrest. See United States v. Morales, 923 F.2d 621, 626 (8th Cir. 1991). Patton's allegation that Lindsey did not properly check his identification, even if accepted as true, does not state a violation of the Fourteenth Amendment. See Siegert v. Gilley, 111 S. Ct. 1789, 1793 (1991) (dismissal proper if allegations, even if accepted as true, do not state violation of constitutional rights).
 
 
 5
 Finally, we deny Patton's motion to enlarge the record on appeal because we do not believe the interests of justice demand that we consider the evidence he requests. See Dakota Indus. v. Dakota Sportswear, Inc., 1993 U.S. App. LEXIS 4472 at * 3 (8th Cir. Mar. 12, 1993).
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas