_____

No. 95-1710
_____

Jimmy L. Dirden,        *
                        *
              Appellant,        *
                        *
     v.                         * Appeal from the United States
                        * District Court for the
Department of Housing and       * Eastern District of Arkansas
Urban Development, Secretary;   *
City of Benton Housing          *        [UNPUBLISHED]
Authority,              *
                        *
              Appellees.        *

_____

          Submitted:  November 17, 1995

             Filed:  May 15, 1996
_____

Before McMILLIAN and LOKEN, Circuit Judges, and BOGUE,[*] District
     Judge.
_____

PER CURIAM.

     Jimmy L. Dirden appeals from a final judgment entered in the District
Court[1] for the Eastern District of Arkansas in favor of defendants in this
action seeking declaratory and injunctive relief in connection with the
selection and purchase of sites for low-income housing projects in the City
of Benton, Arkansas.  Dirden alleged defendants intentionally discriminated
against him on the basis of race in refusing to negotiate and purchase his

_____

     *The Honorable Andrew W. Bogue, United States
     District Judge for the District of North Dakota,
     sitting by designation.

     [1]The Honorable Henry Woods, United States District Judge for
the Eastern District of Arkansas.

property.  For reversal, Dirden argues the district court's finding that defendants did not intentionally discriminate against him is clearly erroneous.  For the reasons discussed below, we affirm the district court's judgment.

Dirden is an African-American and owns property located in "the Hill" area of Benton.  According to the 1980 census, 5% of Benton's population was African-American and 67% of the African-American population lived in the Hill.  In 1987 the city public housing authority received a grant from the Department of Housing and Urban Development (HUD) to construct 25 duplex units of low-income public housing on a single site.  A HUD regulation (24 C.F.R. § 941.202) prohibits location of a public housing project in an area of minority concentration.  The city public housing selected a site and HUD approved it; however, the city rezoned the selected site and thus prevented the construction of the proposed housing project on that site.  In August 1991 Dirden offered his property to the city housing authority for the proposed housing project.  The city housing authority informed Dirden that his property was not suitable for the proposed housing project because it was located in an area of minority concentration.

The city housing authority was unable to find a suitable site for the proposed housing project and eventually changed the project from a multiple-unit project on a single site to single-family units located on scattered sites throughout the city.  In November 1991 the city housing authority placed advertisements in the local newspaper soliciting written offers.  Dirden testified that he telephoned the city public housing authority in response to the advertisement and offered to sell his property to the city public housing authority for the scattered-site units.  Dirden testified that the city public housing authority again told him that his property was not suitable for the scattered-site units because it was located in an area of minority concentration.  The city public housing authority proposed and HUD approved 28 sites.  (Funds for

-2-

22 additional units were never released.)  According to Dirden, 9 of the 28 scattered-site units constructed were located in the Hill on lots purchased by the city public housing authority from white property owners.

In February 1994 Dirden filed the present action in federal district court alleging that the city public housing authority and HUD refused to negotiate with him for the sale of his property for the single-site and scattered-site housing projects because of his race and because his property is located in a predominantly African-American neighborhood in violation of 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act, 42 U.S.C. § 3601 et seq.  Dirden sought declaratory and injunctive relief and compensatory and punitive damages.  The district court dismissed the Fair Housing Act claims as barred by the two-year statute of limitations and the claims for damages as barred by sovereign immunity.  After a bench trial, the district court found no intentional discrimination on the part of either defendant.  The district court also found that the city public housing authority had relied on the HUD minority concentration regulation in rejecting Dirden's property for the single-site housing project.  With respect to the scattered site units, the district court found that Dirden did not make a written offer to sell as required.  The district court found that Dirden's property was not suitable for the scattered-site units because, in addition to its location in an area of minority concentration, it was tied up in bankruptcy, there were problems with the title, property taxes were delinquent, there were little or no utility services, the slope of the property was too great, there were no streets, and railroad tracks, a catfish pond and a pool hall were located on or near the property.

To prevail on a claim under 42 U.S.C. § 1981, 42 U.S.C. § 1982 and the Fair Housing Act, 42 U.S.C. § 3601 et seq., a plaintiff must prove discriminatory intent.  See, e.g., Asbury v. Brougham, 866 F.2d 1276, 1279 (10th Cir. 1989) (claims under 42 U.S.C. § 1982

and Fair Housing Act); <u>Selden Apartments v. United States Department of Housing & Urban Development</u>, 785 F.2d 152, 159 (6th Cir. 1986) (claims under 42 U.S.C. §§ 1981, 1982, and Fair Housing Act); <u>Taylor v. City of St. Louis</u>, 702 F.2d 695, 697 (8th Cir. 1983) (per curiam) (claims under 42 U.S.C. § 1981); <u>Vasquez v. McAllen Bag & Supply Co.</u>, 660 F.2d 686, 687 (5th Cir. 1981) (claims under 42 U.S.C. § 1981), <u>cert. denied</u>, 458 U.S. 1122 (1982).  We review the district court's findings of fact under the clearly erroneous standard of review and defer to the district court's credibility determinations.  <u>E.g., Taylor v. City of St. Louis</u>, 702 F.2d at 697.

After carefully reviewing the record and applying the familiar analysis set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), and as clarified in <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993), we hold the district court's finding that defendants did not intentionally discriminate against Dirden in refusing to negotiate or purchase his property for either the single-site or scattered-site housing projects is not clearly erroneous.  Defendants articulated legitimate, nondiscriminatory reasons for not selecting Dirden's property for submission to HUD.  The property was located in an area of minority concentration and thus unsuitable under applicable HUD regulations.  In addition, the property was unsuitable for several site-specific reasons. Dirden failed to show that these reasons were merely pretextual.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.