# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-1463

_____

Michael Edward Sims,                                    *
                                                        *
        Appellant,                                  *
                                                        *
    v.                                              *  Appeal from the United States
                                                        *  District Court for the Western
Correctional Medical Services; Dr.                      *  District of Missouri.
James; Dr. White; L. Spencer; C.                        *
Fennewald; C. Schupp; Rochelle Sidie;                   *      [UNPUBLISHED]
Tara Willhite; Dr. Brown; Dr. Hoog;                     *
Dr. John Duffy,                                         *
                                                        *
        Appellees.                                  *

_____

Submitted:  February 7, 2001

Filed:   February 28, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Michael Sims, a Missouri inmate, appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Mr. Sims filed suit against Correctional Medical Services (CMS) and various medical personnel at three Missouri prisons, alleging defendants were deliberately indifferent to his medical needs. We conclude that although Mr. Sims may have established that he had a serious medical condition, he has not shown that the defendant doctors were deliberately indifferent to his medical needs. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) (where medical personnel saw inmate 17 times in 3 months and treated back strain with bed rest, muscle relaxants, and pain relievers, their failure to x-ray inmate's broken back or implement other diagnostic techniques or treatment was not deliberate indifference); Bellecourt v. United States, 994 F.2d 427, 431 (8th Cir. 1993) (fact that prison doctor misdiagnosed inmate's condition, that method of physical examination and treatment may not have followed community standards, or that doctor disagreed with inmate's suggested course of treatment did not amount to deliberate indifference).

Because Mr. Sims did not show deliberate indifference by medical personnel, we also conclude that CMS and the defendant health care administrator cannot be liable. See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (supervisor can be liable under § 1983 when corrective inaction constitutes deliberate indifference); Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 976 (8th Cir. 1993) (corporations acting under color of state law can be liable only if policy, custom, or action by those who represent official policy inflicted injury actionable under § 1983).

Accordingly, we affirm. See 8th Cir. R. 47B.

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.