# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1873

_____

Jessie Robinson,                          *
                                          *
         Appellant,                       *
                                          *
    v.                                    *
                                          *
Randall Morgan, Warden, Arkansas          *
Department of Correction; Curtis          *
Hampton, Lt., Correctional Officer,       *
Arkansas Department of Correction;        *    Appeal from the United States
Roger, Correctional Officer, Arkansas     *    District Court for the
Department of Correction; Tracy Brock,    *    Eastern District of Arkansas
Correction Officer, Arkansas              *
Department of Correction, originally      *       [UNPUBLISHED]
sued as "Tracy Broch"; George Barnes,     *
Correction Officer, Arkansas              *
Department of Correction, originally      *
sued as "Barnes"; PHP Healthcare          *
Corporation, Medical Staff, Arkansas      *
Department of Correction, originally      *
sued as "PHP Healthcare",                 *
                                          *
         Appellees.                       *

_____

Submitted:  October 31, 2001

Filed:  November 6, 2001

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Arkansas prisoner Jessie Robinson appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas following a bench trial in his 42 U.S.C. § 1983 excessive force action. For reversal, Robinson argues that the district court erred in dismissing two defendants prior to trial, in not appointing counsel for him, and in finding for defendants after crediting their testimony. For the reasons discussed below, we affirm the judgment of the district court.

We conclude that the district court did not abuse its discretion in dismissing two defendants. Robinson repeatedly failed to identify one of the defendants for service of process. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (in forma pauperis plaintiff is responsible for providing marshal with proper address for service of defendants), cert. denied, 510 U.S. 875 (1993). As to the other defendant, PHP Healthcare Corporation, Robinson did not allege that a PHP practice or policy injured him, and the doctrine of respondeat superior is inapplicable to claims brought under § 1983. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993).

We also conclude that the district court did not abuse its discretion in refusing to appoint counsel. The facts and legal issues were fairly straightforward, Robinson conducted discovery and submitted witness lists, and he competently examined witnesses at trial and presented his case. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986) (standard of review; relevant factors).

In an appeal from a bench trial, we review the district court's factual findings for clear error and its conclusions of law de novo. See Estate of Davis v. Delo, 115

---

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

F.3d 1388, 1393-94 (8th Cir. 1997) (standard of review). We cannot say that the district court erred in crediting the defense's version of the incident. See Anderson v. City of Bessemer City, 470 U.S. 564, 574-75 (1985) (witness credibility). Based on defendants' testimony, we agree with the district court that the force used was not in violation of the Eighth Amendment but was an attempt to manage Robinson after he refused a direct order to submit to handcuffing, then struck one officer and wrestled with two officers. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (relevant factors include need for force, relationship between amount of force needed and used, and extent of injuries inflicted).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-