# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3578

_____

James W. Loughridge,               *
                                    *
           Appellant,             *
                                    *   Appeal from the United States
     v.                           *   District Court for the
                                    *   Eastern District of Missouri.
Larry Rowley, Superintendent; Jackson  *     [UNPUBLISHED]
Institutional Dental Services, Inc.;    *
Central Medical Services; Ernest W.    *
Jackson, doing business as Jackson     *
Institutional Dental Services, DMD,   *
                                    *
          Appellees.             *

_____

Submitted:  June 26, 2003

Filed: July 17, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

James W. Loughridge appeals from the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action alleging that the defendants were deliberately indifferent to his need for dental care during the time he was

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. Upon de novo review of the record, we conclude that summary judgment was proper. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997) (affirming grant of summary judgment to defendants on § 1983 deliberate indifference claim); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (to prove deliberate indifference, plaintiff must show that the defendants knew of and disregarded an excessive risk to his health). The district court properly granted summary judgment to the defendants insofar as his claims were based upon acts or inaction by the defendants' subordinates. Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights."); Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975 (8th Cir. 1993) (respondeat-superior-based claim "is not cognizable under § 1983"). Furthermore, Loughridge's statement that he felt he had received inadequate treatment is insufficient to create a question of fact precluding summary judgment when extensive medical records and affidavits indicate that he received adequate treatment. See Dulany, 132 F.3d at 1239-40 (finding that evidence of a difference of medical opinion was insufficient to defeat the defendants' summary judgment motion and noting that "[m]ere negligence or medical malpractice . . . are insufficient to rise to a constitutional violation"). We find that Loughridge has alleged insufficient facts to support a claim against either defendant; accordingly, the district court did not err in granting summary judgment in favor of both.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-