# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3794

_____

|  |  |  |
|---|---|---|
| Tinika Daniels, Tara Horne, Loretta McFadden, Janice Minor, Jenisa Williams, Angela Moore, Ruby Nichols, Veronica Norris, Irma Nelson, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Dillard's, Inc.; Deborah Abrams; Jevonne Jack (originally sued as Bonnie Jack); Pat Thessing, In His Individual and Official Capacity as a Police Officer for the North Little Rock Police Department; Tommy L. Osborn, In His Individual and Official Capacity as Pulaski County Sheriff's Deputy (originally sued as Tom Osborn); Kerry D. Daulton, In His Individual and Official Capacity as Pulaski County Sheriff's Deputy (originally sued as Kerry Dalton), | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Appellees. | * | |

_____

Submitted: September 8, 2003
Filed: June 25, 2004

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.
_____

BOWMAN, Circuit Judge.

Plaintiffs, who are nine individuals who filed suit against Dillard's, Inc., two of its sales clerks, and three law-enforcement officers who served as security personnel at two Dillard's stores, have brought this appeal after the District Court[1] granted summary judgment against them on all their federal civil-rights claims and dismissed their state-law claims without prejudice, exercising its discretion to decline to exercise supplemental jurisdiction over those claims.[2] See 28 U.S.C. § 1367(c)(3) (2000). The case is unusual, and very unwieldy, because so many separate plaintiffs, each making different factual allegations about her treatment by one or more of the individual defendants, are muddled together in one lawsuit. The only apparent common denominators among the various plaintiffs are that they are female, are black, and are suing for alleged wrongs committed against them at various times while they were shopping at a Dillard's store. Our affirmance of the grant of summary judgment on Loretta McFadden's 42 U.S.C. §§ 1981 and 1982 (2000) claims against Dillard's merits discussion, but we summarily affirm the grant of summary judgment on McFadden's 42 U.S.C. § 1983 claims and on all the other federal civil-rights claims of all the other plaintiffs on the basis of the District Court's well-reasoned opinion. See 8th Cir. R. 47B.

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

[2]Plaintiffs raised the issue of the dismissal of their state-law claims in a footnote in their opening brief, but they failed to present any grounds for reversal of the District Court's decision. Thus they have waived the issue. Eddings v. City of Hot Springs, 323 F.3d 596, 599 n.2 (8th Cir. 2003).

With respect to McFadden's §§ 1981 and 1982 claims, she alleges that upon visiting the after-Christmas sale at the Park Plaza Dillard's store in Little Rock in 1997, she selected numerous items for purchase, including some ribbon from a store display. After McFadden experienced a long wait in the checkout line, a white sales clerk, whose name McFadden does not know, began ringing up McFadden's purchases but refused to give her a discount on the ribbon in spite of the fact that white customers had been given discounts on other display merchandise. After McFadden indicated that she would buy the ribbon even without a discount, the clerk continued to ring up the purchases until she suddenly informed McFadden that the computer had kicked her out, so McFadden could not pay by check. After speaking with an unknown supervisor, the clerk again returned and reiterated that she could not take a check from McFadden, who then left the checkout line without completing any purchases. McFadden returned to the store in the afternoon, bought some shoes, and paid by check without incident. She then proceeded to the customer service department to complain about her treatment on her morning visit. At the customer service department she spoke with Mike Bryer.[3] Bryer explained to McFadden that it was likely some sort of computer error that prevented her from paying by check. McFadden demanded an apology from the sales clerk, but Bryer explained that although he was unable to identify the offending clerk, he did offer his own apology for the incident. McFadden Depo. at 69.

Sections 1981 and 1982 protect citizens' rights to make and enforce contracts and purchase both personal and real property without any impairment due to private or public racial discrimination. A plaintiff establishes a prima facie case under § 1981 by showing (1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts). Bediako v.

[3]The summary judgment record is silent as to Bryer's position at Dillard's and as to his ability to take corrective action on behalf of the company.

Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). The prima facie elements of a § 1982 case parallel those of a § 1981 case and require that a plaintiff show (1) membership in a protected class; (2) discriminatory intent on the part of the defendant and (3) interference with the rights or benefits connected with the ownership of property. See Zhu v. Countrywide Realty Co., Inc., 165 F. Supp. 2d 1181, 1199 (D. Kan. 2001).

The District Court correctly determined that McFadden failed to present evidence of discriminatory intent on the part of Dillard's sufficient to create a prima facie case under §§ 1981 and 1982. The fact that McFadden was prevented from paying for her merchandise by check during her morning visit to the store is not sufficient to raise an inference of discrimination. Her ability to pay by check on her afternoon visit provides some evidence that, as explained to her by Mike Bryer, it was probably a computer malfunction that prevented her from paying by check on her morning visit. McFadden offers no evidence, merely her own speculation, to suggest an inference of discrimination based on the one-time disallowance of payment by check. Although McFadden states that while white customers received discounts on their purchases of display merchandise she was denied a discount on the spools of ribbon she had taken from a store display, this is not sufficient to raise an inference of discrimination. The record is silent as to whether the ribbon at issue was subject to a discounted sales price. This refusal to grant a discount to McFadden, where there is no evidence that a discount was appropriate, does not raise an inference of intentional discrimination on the basis of race and thus cannot form the basis for §§ 1981 and 1982 claims.[4]

---

[4]We question whether Dillard's in any event may be held liable under §§ 1981 and 1982 for the allegedly discriminatory actions of an unidentified sales clerk under a theory of respondeat superior. Liability under §§ 1981 and 1982 requires a showing of intentional discrimination, Dirden v. Dep't of Hous. & Urban Dev., 86 F.3d 112, 114 (8th Cir. 1996) (per curiam), which is seemingly incompatible with respondeat superior principles. See Flanagan v. Aaron E. Henry Cmty. Health Servs. Ctr., 876

In sum, we affirm the District Court's grant of summary judgment against all the plaintiffs on all of their claims.

_____

F.2d 1231, 1236 (5th Cir. 1989) ("Because each defendant must be found to have intentionally discriminated against the plaintiff, strict liability under § 1981 is incongruous."); cf. Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975–76 (8th Cir. 1993) (holding that a private store acting under color of state law cannot be held liable under 42 U.S.C. § 1983 on a respondeat superior theory). Because the parties have neither raised nor briefed the issue, we leave its resolution to another day.