# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2413

_____

| | | |
|---|---|---|
| Anthony Pratt, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Corrections Corporation of America; | * | of Minnesota. |
| Darren Swenson; Wangeler, Assistant | * | |
| Warden; Jeff Berger; D. Engelbrecht; | * | [UNPUBLISHED] |
| Barry Brace; Marcia Wellnitz; Patrick | * | |
| O'Malley, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 29, 2004
Filed: February 14, 2005

_____

Before WOLLMAN, McMILLIAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.
_____

PER CURIAM.

Inmate Anthony Pratt, who practices the Islam religion, appeals from the
district court's dismissal of his pro se 42 U.S.C. § 1983 complaint in which he sought
compensatory damages for his "severe and emotional psychological injuries," as well
as declaratory and injunctive relief. He alleged that Corrections Corporation of
America (CCA) on behalf of Prairie Correctional Facility (PCF), and various CCA-
PCF officials, violated his rights under the Religious Freedom Restoration Act

(RFRA) and the First, Fifth, and Fourteenth Amendments, by denying his repeated requests for special "Halal" meals. The district court dismissed the complaint, concluding that (1) Mr. Pratt's claims for injunctive and declaratory relief were moot, because he was no longer incarcerated at PCF and had not alleged facts showing that CCA dictated his dietary options while he was at PCF; and (2) Mr. Pratt could not recover damages based on his alleged mental and emotional injuries, because he failed to allege a physical injury as required by 42 U.S.C. § 1997e(e). The court also denied Mr. Pratt leave to proceed in forma pauperis (IFP) on appeal. We grant IFP status, and reverse.

According to the complaint, Mr. Pratt's Islam religion requires that he adhere to a Halal diet: permitted foods include non-animal products and special Halal meat, i.e., red meat, chicken, or turkey from animals that were blessed in the name of Allah before their slaughter. Sometime in 2002, the Wisconsin Department of Corrections (WDOC) transferred Mr. Pratt to PCF, a privately-owned CCA facility in Minnesota. To accommodate Mr. Pratt's sincerely held beliefs of a Halal dietary standard, PCF agreed to offer him special vegetarian meals; these meals did not contain Halal meat. Mr. Pratt complained to PCF that the vegetarian meals did not provide him with the requisite calories, protein, calcium, vitamins, or iron for a balanced diet. He complained further that he had lost 30 pounds on the diet, which he estimated included only 840 of the 2,000 required daily calories. PCF responded that it would contact WDOC about a Halal diet. Several months later, PCF advised Mr. Pratt that WDOC had declined to authorize a special Halal diet, and WDOC internal procedures did not include a Halal food diet for Muslim inmates; and that Mr. Pratt would receive only the vegetarian meals. At some point after Mr. Pratt filed this lawsuit, CCA moved him from PCF to its North Fork Correctional Facility (NFCF) in Oklahoma. Mr. Pratt immediately alerted the court that NFCF officials were utilizing the same "blanket practice" to deny him Halal meals, and that all CCA facilities should be included as defendants in this suit. He attached a copy of his most recent

-2-

request to NFCF for Halal meals, as well as a copy of NFCF's response, which stated that "no Halal or Kosher diet" was available.

Initially, we note the district court was required to consider the allegations not only in Mr. Pratt's pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings. See Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); Anthony v. Runyon, 76 F.3d 210, 214 (8th Cir. 1996) (district court erred in not considering new allegations in response to motion to dismiss simply because they did not come in form of amended complaint). Mr. Pratt's complaint should not have been dismissed for failure to state a claim unless it appeared beyond doubt that he could prove no set of facts to support a claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

We agree with the district court that Mr. Pratt's claims for injunctive and declaratory relief against the individual PCF officials were rendered moot by his transfer to NFCF. However, his similar claims against CCA are not moot, because Mr. Pratt remains in the custody and control of CCA as an NFCF inmate, and he alleged that PCF officials were not acting on their own but were carrying out CCA policy when they denied him Halal meals. Further, Mr. Pratt alleged in his motion to amend that NFCF officials were operating under the same blanket practice; and in response to defendants' motion to dismiss, he attached correspondence from NFCF advising him that a Halal diet was unavailable. See Randolph v. Rodgers, 170 F.3d 850, 856-57 (8th Cir. 1999) (inmate suing Missouri Department of Corrections (MDOC) and various MDOC officials for denying him sign-language interpreter at disciplinary hearings was entitled to injunction against MDOC despite his transfer to new MDOC facility during course of lawsuit; inmate remained under control of MDOC, which controlled both MDOC facilities and funding necessary to provide sign language interpreter); Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (corporation acting under color of state law may be liable only if

policy, custom, or action by those who represent official policy inflicts injury actionable under § 1983); Iron Cloud v. Sullivan, 984 F.2d 241, 243 (8th Cir. 1993) (mootness test).

We also disagree with the district court's conclusion that Mr. Pratt did not satisfy the physical-injury requirement of section 1997e(e). See 42 U.S.C. § 1997e(e) (no federal civil action may be brought by prisoner for mental or emotional injury without prior showing of physical injury); Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004) (§ 1997e(e) applies to all prisoner federal civil actions, including those brought under First Amendment). He alleged in a grievance attached to his complaint, as well as in response to the motion to dismiss, that his vegetarian meals lacked adequate nutritional value and caused him to lose 30 pounds. See Mitchell v. Horn, 318 F.3d 523, 534-36 (3d Cir. 2003) (§ 1997e(e) requires physical injury that is less than significant but more than de minimis; reversing where inmate alleged deprivation of food, drink, and sleep, because physical injuries could result from such deprivation).

Finally, we note the magistrate judge commented below that Mr. Pratt's reliance on RFRA was misplaced, because RFRA was largely invalidated by the Supreme Court in City of Boerne v. Flores, 521 U.S. 507, 532-36 (1997). If on remand the district court concludes that Mr. Pratt indeed cannot rely on RFRA in these circumstances, we instruct the court to consider the RFRA claim under RFRA's successor statute, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc. See Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 987-88 (8th Cir.) (Congress passed RLUIPA to re-institute some of protections of RFRA), cert. denied, 125 S. Ct. 501 (2004); cf. Wyatt v. Terhune, 315 F.3d 1108, 1115-16 (9th Cir.) (remanding to allow inmate to plead RLUIPA claim, where court had dismissed RFRA claim based on Flores, and while appeal was pending, Congress passed RLUIPA), cert. denied, 540 U.S. 810 (2003).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____