# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2046

_____

Latoyin Davis,

   Appellant,

  v.

Correctional Medical Services; Selvey,
Nurse, North Central Unit, ADC;
Holloway, Director, CMS, North
Central Unit, ADC; Curtis Meinzer,
Warden, North Central Unit, ADC;
Arkansas Department of Correction;
Hunt, Nurse, North Central Unit,
ADC; Lafevers, Nurse, North Central
Unit, ADC,

   Appellees.

*   Appeal from the United States
*   District Court for the Eastern
*   District of Arkansas.
*
*   [UNPUBLISHED]

_____

Submitted: November 22, 2011
Filed: December 1, 2011

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Inmate Latoyin Davis appeals following the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. To the extent Davis challenges the earlier dismissal of Correctional Medical Services (CMS), we conclude that CMS was properly dismissed as Davis was proceeding against it based solely on the conduct of its employees. See McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009) (de novo review of dismissal for failure to state claim); Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (corporate liability under § 1983). It was also proper to grant summary judgment on the claims against the CMS employees. See Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 884-85 (8th Cir. 2009) (de novo review). Under the circumstances established by the record, the nurse defendants were at most negligent, see Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (plaintiff must show more than even gross negligence, and mere disagreement with treatment decisions does not rise to level of constitutional violation); Davis did not counter the evidence that the CMS administrator merely arranged for transportation once the orthopedic consultation for Davis was scheduled, see Bloom v. Metro Heart Group of St. Louis, Inc., 440 F.3d 1025, 1028-29 (8th Cir. 2006) (nonmoving party must demonstrate dispute on material issue of fact that might affect outcome of suit under governing law so that reasonable jury could return verdict in his favor); and we agree with the district court that the administrator's alleged amusement about the situation was not a basis for a constitutional claim under section 1983. Finally, we find no merit to Davis's assertion of judicial bias. The district court is affirmed.[2]

---

[1]The Honorable Jerome Kearney, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]We decline to address the claims Davis has abandoned on appeal. See Griffith v. City of Des Moines, 387 F.3d 733, 739 (8th Cir. 2004).