# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1096

_____

Ruth C. Coleman

*Plaintiff - Appellant*

v.

Correct Care Solutions

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 20, 2014
Filed: June 5, 2014
[Unpublished]

_____

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ruth Coleman filed a pro se complaint against two former coworkers, alleging that they had engaged in discriminatory conduct against her. The district court conducted a pre-service screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2). Although Coleman's complaint contained allegations suggesting that her former coworkers' conduct had been motivated by racial animus, the district court

construed Coleman's complaint to raise only a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*. The district court ordered Coleman to amend her complaint to comply with certain substantive and procedural requirements of the ADEA. In response, Coleman filed an amended complaint substituting Correct Care Solutions as a defendant and omitting all references to race. The district court ordered Coleman to show either that she had filed her claim within ninety days of receiving a right-to-sue letter from the federal Equal Employment Opportunity Commission ("EEOC"), *see* 29 U.S.C. § 626(e), or that her failure to do so was excused. Coleman filed her right-to-sue letter and the charge of discrimination that she had filed with the EEOC, in which she expressly alleged that she had been discriminated against on the basis of race. Along with these documents, Coleman also filed an untitled pleading that included allegations suggesting that she had been subjected to race-based discrimination. Having concluded that Coleman had not timely filed her ADEA claim, the district court dismissed her amended complaint with prejudice. Coleman appeals the dismissal of her amended complaint.

We believe that Coleman's pro se filings, taken together, adequately raised a claim of race discrimination under 42 U.S.C. § 1981. Ordinarily, Coleman's failure to include allegations of race discrimination in her amended complaint would constitute an abandonment of any race-discrimination claims raised in her original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect."). But in assessing Coleman's amended complaint, we also consider the allegations of race discrimination raised in her subsequent filings, including her EEOC charge of discrimination. *See Pratt v. Corrections Corp. of Am.*, 124 F. App'x 465, 466 (8th Cir. 2005) (per curiam); *see also Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (explaining that a pro se party's pleadings must be liberally construed). Taken together, these filings contain sufficient allegations to raise a claim of race discrimination under § 1981. However, we express no opinion as to the sufficiency or plausibility of

Coleman's § 1981 claim.  Whether Coleman has stated a claim upon which relief can be granted is a question for the district court to consider in the first instance.

Accordingly, we remand to the district court for consideration of whether Coleman has stated a plausible race-discrimination claim under 42 U.S.C. § 1981 and for any further proceedings as necessary.

———————————————————